Joseph A. TALLO and Diana Tallo,
Plaintiffs/Appellants,

v.

Johnny W. SEAY and Megan
L. Purcell, Defendants,

and

Grand Lindell Partnership, Inc. d/b/a
Billiken Bench Club, Defen-
dant/Respondent.

No. 72032.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 30, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 30, 1997.

Application to Transfer Denied
Nov. 25, 1997.

Ray A. Gerritzen (Tallo), St. Louis, for
appellant.

A. Stephen Pernoud (Grand Lindell
Partnr.), John Kemppainen, Jr. (Seay), Jerry
R. Wilding (Purcell), St. Louis, for respon-
dent.

Before CRANE, P.J., and RHODES
RUSSELL and JAMES R. DOWD, JJ.

### ORDER

PER CURIAM.

Plaintiffs were injured in a three-vehicle
accident. They sued the drivers of both of
the other cars and the proprietors of a bar
they alleged had sold liquor to one of the
drivers while he was obviously intoxicated.
Grand Lindell Partnership, Inc. ("Grand Lin-
dell"), the defendant bar owner, moved to
dismiss the plaintiffs' claim against it in that
plaintiffs failed to allege that the bar owner
was convicted of selling alcohol to a person
obviously intoxicated as required by section
537.053.3 RSMo 1994. The trial court grant-
ed Grand Lindell's motion and the plaintiffs
filed a timely appeal.

No error of law appears. An opinion recit-
ing detailed facts and restating principles of
law would have no precedential value. How-
ever, the parties have been furnished with a
memorandum opinion for their information
only. This memorandum sets forth the facts
and reasons for this order.

The judgment is affirmed in accordance
with Rule 84.16(b).